PITMAN MORGAN, appellant, *vs.* J. CHARLES HEFLER.

Cumberland. Decided April 2, 1878.

*Set-off.   Measure of damages.*

In an action on account annexed, where a set-off was filed by defendant and a counter set-off by plaintiff, the presiding justice instructed the jury, " If, upon the whole account, you find as much due the defendant as there is due the plaintiff, your verdict will be for the defendant." *Held,* erroneous, and that the verdict should be, " nothing due either party." R. S., c. 82, § 60.

When A has been wrongfully prevented by B from completing his contract, the measure of damages is the difference between the price agreed and what it would cost A to complete it.

ON EXCEPTIONS from the superior court.

ACCOUNT ANNEXED.

*M. P. Frank,* for the plaintiff.

*P. Bonney,* for the defendant.

APPLETON, C. J. This is an action of assumpsit upon an account annexed, to which the defendant filed an account in set-off, for labor done on plaintiff's stable in the spring of 1871, under a. contract to do all the work necessary to build the stable for $80. The plaintiff filed, in set-off, an account for certain articles, which he claimed were in payment of the labor done by defendant upon his stable.

The presiding justice instructed the jury as follows: "You will determine how much is due on this account in set-off, and allow what is justly due from the plaintiff to the defendant. You will then determine how much is due upon the counter account in set-off, filed by the plaintiff, and deduct it from the other. If, upon the whole accounts, you find as much due the defendant as there is due the plaintiff, your verdict will be for the defendant."

This instruction was erroneous; as, if the verdict is to stand, the plaintiff will be liable for costs, when by the statute he should not be so liable.

By R. S., c. 82, § 60, "When no balance is found due to either party, no costs are recoverable. The party recovering a balance recovers costs."

The plaintiff's requested instruction was in accordance with the statute, and should have been given, otherwise the defendant would be entitled to recover costs as the prevailing party, by § 104.

The account in set-off was for labor done under a contract which the defendant claimed he was prevented from performing by the wrongful act of the plaintiff.

Upon the question of damages the plaintiff requested the following instruction: "If the contract was broken by the act of the plaintiff, the defendant would be entitled to a reasonable compensation for the work done under the contract, having reference, however, in the estimation of such compensation, to the contract price."

This was not given, reference in the estimation of such compensation to the contract price being eliminated from the rule given as to damages, and the jury were directed to allow for the work done under the contract whatever it was reasonably worth.

The contract was an element proper to be considered by the jury in their assessment of damages, and it was withdrawn from their consideration. It was the estimate made by the parties of the price to be paid for the work to be done. It was evidence, which with other proofs, should have been submitted to the jury.

The true rule seems to be this : When a plaintiff has been wrongfully prevented by the defendant from completing his contract, the measure of damages is the difference between the price agreed upon to be paid for its performance and what it would cost the plaintiff to complete it. *Myers* v. *York & Cumberland Railroad*, 2 Curtis, C. C. 28. *Philadelphia & W. & B. Railroad* v. *Howard*, 13 How. 307, 310. The defendant was entitled to have this rule given.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.